IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO. 9:19-cv-212 |
| BRYAN SEALES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoun.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a Motion for Summary Judgment. (Doc. #84.) Plaintiff has had an opportunity to file a response. This Report and Recommendation considers the merits of the Motion.

Factual Background

On September 23, 2019, Plaintiff alleges he was arrested at the direction of Defendant Seales after he was accused of murder. Plaintiff alleges he was arrested without a warrant or probable cause, and then unlawfully confined at the Tyler County Jail.

On October 27, 2019, while he was confined at the Tyler County Jail, Plaintiff alleges Defendant Perry grabbed him by the back of his shirt and neck, slammed him out of a chair, and then slammed his head against the wall following a visit with his grandparents. Plaintiff alleges

Defendant Calhoun denied him medical treatment for a head injury he sustained during the use of force, and Plaintiff did not receive medical treatment until the next day.

### Defendants' Motion

Defendants assert that they are entitled to summary judgment with respect to the claims concerning a use of force and delayed medical treatment at the Tyler County Jail because Plaintiff did not exhaust available administrative remedies before he filed this action.

### Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The primary purpose of a grievance is to alert prison officials to a problem so that it can be addressed, not to provide notice to a prison employee of a possible lawsuit. *Johnson*, 385 F.3d at 522. Thus, it is not necessary for a prisoner to identify future defendants by name in the grievance

in every circumstance. *Id*. at 517. Nor is it necessary for an inmate to allege a legal theory or every fact that would support a legal theory in his grievance. *Id*. at 517-18. "A grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

The Tyler County prisoner handbook in effect on October 27, 2019, set forth the steps for filing a grievance concerning alleged violations of a prisoner's constitutional rights and other complaints. The handbook states that prisoners must send the Chief Jailer a written statement in a sealed grievance envelope with the time of the incident, the date, and the names of any witnesses. (Doc. #84-1 at 15.) Prisoners were advised that the grievance envelopes could be obtained from a jailer. The handbook states that prisoners would receive a response to the grievance within fifteen days. Prisoners who were dissatisfied with a grievance officer's findings could appeal in writing within three days of receiving the response. The Grievance Review Board would convene within fifteen days to review the appeal. The decision of the Grievance Review Board could be appealed to the Sheriff within three days, and the Sheriff's decision was final. (Doc. #84-1 at 15.)

Defendants submitted the affidavit of Bryan Weatherford, the Sheriff of Tyler County, Texas. (Doc. #84-2 at 2-3.) Sheriff Weatherford states that Plaintiff never appealed any issues to the Grievance Review Board or to the Sheriff while Plaintiff was confined at the Tyler County Jail, including the issues raised in this action. (Doc. #84-2 at 3.)

On the form he used to file this Complaint, Plaintiff checked the box indicating that he had exhausted administrative remedies with respect to the incidents that took place on October 27, 2019. The failure to exhaust is an affirmative defense, and Defendants bear the burden of proving that Plaintiff did not exhaust administrative remedies before his filed this action. *Wilson v. Epps*, 776

4

F.3d 296, 299 (5th Cir. 2015). At the summary judgment stage, Defendants must prove "beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon*, 596 F.3d at 266. Sheriff Weatherford's conclusory statement, unsupported by any documentary evidence, is not competent summary judgment evidence to support Defendants' assertion that Plaintiff did not exhaust administrative remedies. Therefore, the Motion for Summary Judgment should be denied with respect to Plaintiff's alleged failure to exhaust.

### Recommendation

Defendants' Motions for Summary Judgment should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE