IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BLAZE HICKS | § | |
| VS. | § | CIVIL ACTION NO.   9:19-CV-212 |
| BRYAN SEALES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Blaze Hicks, a prisoner previously confined at the Tyler County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brad Seales, Kerry Perry, and Donald Calhoon.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants filed a Motion for Summary Judgment. (Doc. #94.) Plaintiff has filed a Response. (Doc. #98.) This Report and Recommendation considers the merits of the Motion and Plaintiff's Response.

Factual Background

On September 23, 2019, Plaintiff alleges he was arrested at the direction of Defendant Seales after he was accused of murder. Plaintiff alleges he was arrested without a warrant or probable cause, and then unlawfully confined at the Tyler County Jail.

On October 27, 2019, Plaintiff was visiting with his grandparents at the Tyler County Jail. Plaintiff alleges Defendant Perry walked into the visitation room and told Plaintiff that the visit was ending early.  When Plaintiff asked why the visit was cut short, Defendant Perry allegedly grabbed

Plaintiff by the back of his shirt and neck, slammed him out of a chair, and then slammed his head against the wall.

After the incident, Plaintiff was placed in a holding tank. Plaintiff alleges he told Defendant Calhoon that he needed medical assistance for a head injury because he was dizzy. Plaintiff alleges Defendant Calhoon denied his request for medical treatment. Plaintiff did not receive medical treatment until the next day when he was sent to the hospital.

## Defendants' Motion

Defendants contend that Plaintiff's false arrest and false imprisonment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Defendants also contend that they are entitled to qualified immunity with respect to the claims of excessive force and delayed medical treatment.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for

summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

I. *False Arrest and Imprisonment*

Plaintiff contends that he was falsely arrested and falsely imprisoned by Defendant Seales because there was no probable cause for Plaintiff's arrest, in violation of the Fourth Amendment to the United States Constitution. In *Heck v. Humphrey*, the United States Supreme Court concluded

3

that a claim calling into question the legality of a conviction or confinement is not cognizable in a civil rights action unless a plaintiff first establishes that his conviction has been overturned, expunged, or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Plaintiff was convicted of murder while this action was pending. Because Plaintiff's Fourth Amendment claims concerning his arrest and imprisonment call into question the validity of his conviction, they are not cognizable in a civil rights action until the conviction is reversed or otherwise invalidated. *Id.* at 489; *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Therefore, the false arrest and false imprisonment claims should be dismissed without prejudice to Plaintiff's ability to file a lawsuit if the conviction is overturned or declared invalid.

*II. Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether Plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a

constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff's allegations meet the second prong of the test because his rights to be free from the use of force without provocation and his right to medical treatment were clearly established at the time of the alleged violations. Thus, the court must determine whether Plaintiff has alleged facts supporting his claims that his constitutional rights were violated.

### A. Excessive Force

The use of force against a pretrial detainee is excessive and violates the Fourteenth Amendment if the force was objectively unreasonable in light of the facts and circumstances facing the defendant. *Fairchild v. Coryell Cnty.*, 40 F.4th 359, 362 (5th Cir. 2022). Objective reasonableness is determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The following non-exhaustive factors are relevant to the reasonableness inquiry: (1) the relationship between the need to use force and the amount of force used; (2) the extent of the plaintiff's injuries; (3) any efforts made to limit the amount of force used; (4) the severity of the security problem; and (5) whether the plaintiff was actively resisting the officer. *Id*.

In his Original Complaint, Plaintiff stated, under penalty of perjury, that Defendant Perry slammed his head into the wall without cause. Defendant Perry offers a vastly different account of the incident. Defendant Perry contends that Plaintiff threatened the safety and security of the jail when he created a disturbance in the visitation room, refused to obey an order to end the visit, and then charged at and wrestled with Defendant Perry. At the summary judgment stage, the court may not make credibility determinations and must accept Plaintiff's version of the facts as true. There is a genuine issue of material fact regarding the circumstances of the use of force, and Defendant Perry is not entitled to qualified immunity at this stage.

### B. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges Defendant Calhoon was deliberately indifferent to Plaintiff's serious medical needs by failing to ensure he received medical treatment after the use of force.

The Fourteenth Amendment ensures the safety of pretrial detainees, while the Eighth Amendment applies to convicted prisoners. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019). Because there is no significant distinction between detainees and convicted prisoners concerning their health and safety and medical care, the same standard applies to the constitutional claims of both categories of prisoners in cases involving episodic acts. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). "When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Id*. An officer's failure to provide a detainee with immediate medical treatment is considered an episodic act or omission. *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011). Therefore, the deliberate indifference standard applies.

The deliberate indifference standard is a subjective inquiry; Plaintiff must establish that the defendant was aware of an excessive risk to Plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 840-41 (1994); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Deliberate indifference is an extremely high standard for the plaintiff to meet. *Baughman*, 935 F.3d at 307. Demonstrating that the defendant was negligent or failed to act reasonably is not enough to show a constitutional violation. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). The plaintiff must show that the official conduct was wanton, which is defined as reckless. *Baughman*, 935 F.3d at 307. Medical records of sick calls, examinations, diagnoses, and medications may rebut a prisoner's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Williams v. Hampton*, 797 F.3d 276, 280-81 (5th Cir. 2015) (noting that deliberate indifference requires a state of mind "more blameworthy" than negligence); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). Nor does a prisoner's disagreement with his medical treatment amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

In an affidavit, Defendant Calhoon states that he was called to the jail at Plaintiff's request, and he went to the holding cell to talk to Plaintiff. (Doc. #94-4 at 3.) Defendant Calhoon described the interaction as follows:

> Hicks did not appear to be in any medical distress when I saw him. He was obviously angry, but he was moving normally, speaking normally, and did not seem to have any medical needs. He was not bleeding.
>
> Hicks told me that he wanted to go to the hospital. I closely observed Hicks and I did not see anything about his condition that led me to believe that he needed emergency medical treatment. I told Hicks Chief Jailer Michael Greaff has been notified of the incident. Jailers were also instructed to keep an eye on Hicks and to take him to the hospital if he appeared to have any medical needs. Hicks was closely watched for any medical problems, but none were observed.
>
> I never believed that Hicks had any serious medical needs. There was nothing about him that seemed hurt or in need of medical attention.

(Doc. #94-4 at 3.) Defendant also submitted Plaintiff's medical records from the following day. The records from the Tyler County Hospital show that Plaintiff complained of headache and nausea, but a CT scan was negative for abnormalities. (Doc. #94-5 at 3-4.)

The competent summary judgment evidence is insufficient to create a genuine issue of material fact that Plaintiff had a serious medical need, that Defendant Calhoon was aware Plaintiff had a serious medical need, or that he consciously disregarded a risk of harm to Plaintiff's health by failing to send him to the hospital immediately after the alleged use of force. Defendant Calhoon acknowledges that Plaintiff requested to go to the hospital, but based on the information available to Defendant, there was no reason for Defendant Calhoon to believe that Plaintiff needed emergency medical attention. Plaintiff's condition was monitored by other members of the jail staff, who were directed to bring Plaintiff to the hospital if necessary. Further, the competent summary judgment evidence does not reflect that Plaintiff suffered any harm as a result of the delay. Defendant

8

Calhoon's conduct does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Because Plaintiff has not shown that Defendant Calhoon violated his clearly-established rights under the Fourteenth Amendment, he is entitled to qualified immunity.

## Recommendation

The claims against Defendant Seale should be dismissed without prejudice to Plaintiff's ability to file a lawsuit if his conviction is overturned or declared invalid. Defendants' Motion for Summary Judgment should be granted with respect to the medical claims against Defendant Calhoon and denied with respect to the excessive force claims against Defendant Perry.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE